UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No. 2:23-CR-127-GSL-APR |
| MARK A. RAZO | |

**OPINION AND ORDER**

This matter is before the Court on Defendant's Motion to Dismiss Indictment. [DE 15]. In his motion, Defendant argues that 18 U.S.C. § 922(g)(1) is unconstitutional based upon *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022). [*Id.*]. For the reasons set forth below, the Court denies Defendant's motion.

**Background**

On December 20, 2023, Defendant Mark A. Razo was indicted on one charge of possessing a firearm as a convicted felon, in violation of § 922(g)(1). [DE 1]. Defendant argues that the indictment should be dismissed on the grounds that § 922(g)(1) is unconstitutional as applied and on its face. [DE 15]. Defendant's instant motion is based upon the Supreme Court's interpretation of the Second Amendment and framework set forth in *Bruen*. [*Id.*].

According to the Government, Defendant has six prior felony convictions in Illinois: possession of a stolen vehicle, possession of a controlled substance (twice convicted), criminal damage to state supported property, aggravated driving under the influence of alcohol, and unlawful use of a weapon by a felon. [DE 17, page 1]. For the charge in the instant case, the Government argues that on October 14, 2023, Defendant was knowingly in possession of a firearm, that the firearm was in and affecting commerce, and that Defendant knew of his felon

status. [DE 1]. Further, the Government argues that under *Bruen* and the Second Amendment, § 922(g)(1) is a permissible restriction on firearms possession. [DE 17, page 6].

## Discussion

The law for which Defendant is charged makes it "unlawful for any person who has been convicted in any court of [] a crime punishable by imprisonment for a term exceeding one year . . . to ship or transport . . . or possess in or affecting commerce, any firearm or ammunition." § 922(g)(1). Defendant argues that the conduct proscribed by § 922(g)(1) is protected under the *plain text* of the Second Amendment because felons are part of the class of people that is protected in *Heller*. [DE 15, page 1] (citing *District of Columbia v. Heller*, 554 U.S. 570 (2008)). Further, Defendant argues that felon-disarmament laws do not fall within the scope of the *historical tradition of firearm regulation* in the United States. [*Id.* at page 2].

Pursuant to *Bruen*, courts apply a two-step framework when evaluating the constitutionality of gun regulations. 597 U.S. at 17 (holding that this approach is consistent with the Court's decision in *Heller*). First, the court determines if an individual's specific conduct is covered by the "plain text" of the Second Amendment. *Id.* If so, that conduct is presumptively protected. *Id.* Second, to justify a regulation of presumptively protected conduct, "the government must demonstrate that the regulation is consistent with this Nation's historical tradition of firearm regulation." *Id.*

In the instant case, this Court finds that § 922(g)(1) is facially and as-applied constitutional because firearm possession by felons is not conduct that is protected by the plain text of the Second Amendment. Even if the statute fell within the scope of the Second Amendment, the government met its burden to demonstrate that disarming felons is consistent with the historical tradition of firearm regulation.

### A.  § 922(g)(1) is outside the scope of the Second Amendment

The Second Amendment states that "[a] well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II. While the Second Amendment provides this fundamental right, the Supreme Court has held that this right is not unlimited. *Heller*, 554 U.S. at 595; *cf. McDonald v. City of Chicago, Ill.*, 561 U.S. 742 (2010) (Stevens, J., concurring in judgment) ("No fundamental right—not even the First Amendment—is absolute.").

In *Heller*, the Court struck down a ban on handgun possession in the home but was careful to narrow and qualify its ruling, as not to affect other regulations in place. 554 U.S. at 635. The Court went so far as to state that "nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons" and other firearms regulations that were not in front of the Court. *Id.* at 626. In *McDonald*, the Court held that the Second Amendment "is fully applicable to the States." 561 U.S. at 750. But again, the Court repeated its assurances that "our holding [does] not cast doubt on such longstanding regulatory measures as 'prohibitions on the possession of firearms by felons . . . .'" *Id.* at 786 (quoting 554 U.S. at 626). Defendant brings the instant motion under *Bruen*, and, even there, several justices noted that the Court's holding did not have a broad reach. *E.g.,* 597 U.S. at 72 (Alito, J., concurring) ("Our holding decides nothing about who may lawfully possess a firearm . . . . Nor have we disturbed anything that we said in *Heller or McDonald* . . . ."); *id.* at 81 (Kavanaugh, J., concurring) ("Nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons . . . .") (quoting 554 U.S. at 626). Even in the Court's most recent decision on gun regulations, which was decided after the instant motion was filed, the "traditional exceptions" to the Second Amendment that were identified in *Heller*, such as

"prohibitions on the possession of firearms by felons," were left untouched as "presumptively constitutional." *United States v. Rahimi*, 602 U.S. __ (2024) (Kavanaugh, J., concurring) (slip op., at 22-23).

Defendant's assertion that *Bruen* brought felons into the protected class described in the Second Amendment is incorrect. In *Bruen*, the Court reaffirmed case law stating that the Second Amendment "protect[s] the right of an ordinary, *law-abiding citizen* to possess a handgun . . . ." 597 U.S. at 8 (emphasis added) (citing *Heller*, 554 U.S. 570 and *McDonald*, 561 U.S. 742). The Court repeats the term "law-abiding citizen" throughout its opinion. *Id.* at 9, 15, 26, 29, 30, 31, 38, 60, 70. The Court's emphasis on the right of "a law-abiding citizen" is undoubtedly deliberate, and it demonstrates a clear limitation of the scope of the Second Amendment with regard to "the people" protected by its plain text. *See Heller*, 554 U.S. at 645 (Stevens, J., dissenting) ("[T]he Court itself reads the Second Amendment to protect a 'subset' significantly narrower than the class of persons protected by the First and Fourth Amendments . . . the Court limits the protected class to 'law-abiding, responsible citizens' . . . . But the class of persons protected by the First and Fourth Amendments is not so limited; for even felons . . . may invoke the protections of those constitutional provisions.") (emphasis omitted).

Defendant also relies on *United States v. Meza-Rodriguez*, 798 F.3d 664 (7th Cir. 2015). In *Meza-Rodriguez*, the court exhibited hesitancy to adopt *Heller's* purported "law-abiding citizen" limitation to "the people" described in the Second Amendment. *Id.* at 669. But in a subsequent case, the same court called into question the Circuit's prior reluctance to hold that *Heller* defined the outer boundaries of the Second Amendment and suggested that *Bruen* has changed the calculus for determining the scope of the Second Amendment. *Atkinson v. Garland*, 70 F.4th 1018, 1023-24 (7th Cir. 2023); *see United States v. Garcia*, No. 23-CR-076, 2024 WL

4

1174045, at *4 (N.D. Ind. Mar. 19, 2024). The court concluded that it could not resolve the issue of scope without further briefing, and that case is now pending on remand in the lower courts. *Id. Contra id.* at 1023 (Wood, C.J., dissenting) ("[T]he categorical prohibition created by section 922(g)(1) passes muster under the Constitution. I would therefore affirm the district court now, without saddling it with a Ph.D.-level historical inquiry that necessarily will be inconclusive."). Therefore, *Meza-Rodriguez* is not controlling on this issue.

With consideration to the recent Supreme Court decisions in *Bruen* and *Rahimi*, this Court adopts the same holding as that in most other courts in this District—that the plain text of the Second Amendment does not protect the right of felons to possess firearms. *E.g., United States v. Garcia*, No. 23-CR-076, 2024 WL 1174045 (N.D. Ind. Mar. 19, 2024); *United States v. Brady*, No. 22-CR-47, 2023 WL 7553859 (N.D. Ind. Nov. 13, 2023); *United States v. Drake*, No. 23-CR-21, 2023 WL 8004876 (N.D. Ind. Nov. 16, 2023); *United States v. Crawford*, No. 20-CR-084, 2023 WL 5559031 (N.D. Ind. Aug. 29, 2023); *United States v. Cummings*, No. 22-CR-51, 2023 WL 3023608 (N.D. Ind. Apr. 20, 2023); *United States v. Tribble*, No. 22-CR-085, 2023 WL 2455978 (N.D. Ind. Mar. 10, 2023); *United States v. Clark*, No. 20-CR-49, 2023 WL 2346284 (N.D. Ind. Mar. 2, 2023); *United States v. Braster*, No. 20-CR-66, 2023 WL 2346282 (N.D. Ind. Mar. 2, 2023). Reaffirming its prior holdings in *Heller* and *McDonald*, the *Bruen* and *Rahimi* Courts make clear that felons are not among "the people" entitled to possess firearms. *Bruen*, 597 U.S. 1; *Rahimi*, 602 U.S. __. Therefore, this Court finds that § 922(g)(1) is not within the scope of the Second Amendment and is constitutional as applied and on its face.

**B. § 922(g)(1) is consistent with the Nation's historical tradition of firearm regulation**

Having already determined that § 922(g)(1) is not covered by the plain text of the Second Amendment, this Court need not engage in a detailed search for evidence of historical analogues

of the statute to determine its constitutionality. *See Rahimi*, 602 U.S. __ (2024) (Gorsuch, J., concurring) (slip op., at 1) ("In this case, no one questions that the law Mr. Rahimi challenges addresses individual conduct covered by the text of the Second Amendment . . . . [T]he question becomes whether the law . . . is consistent with historic regulations."); *id.* (Thomas, J., dissenting) (slip op., at 5) ("It is undisputed that § 922(g)(8) targets conduct encompassed by the Second Amendment's plain text"). At this point, such an inquiry would be superfluous. But even assuming that § 922(g)(1) is within the scope of the text of the Second Amendment, the Government met its burden under *Bruen* to demonstrate that the statute is consistent with "this Nation's historical tradition of firearm regulation." 592 U.S. at 17. Therefore, even assuming the alternative, § 922(g)(1) is constitutional.

  The Government's brief provides a convincing basis that § 922(g)(1) "is part of the historical tradition that delimits the outer bounds of the right to keep and bear arms." [DE 17, page 11] (quoting *Bruen*, 597 U.S. at 19). The Government argues in detail that modern-day-felony dispossession statutes are analogous to (a) historical laws that dispossessed categories of people and (b) historical felony punishment laws (i.e., estate forfeiture and capital punishment). [*Id.* at 11, 18]. Like several other courts in this district, this Court finds that these historical laws are sufficient analogues to § 922(g)(1). *E.g., United States v. Brady*, No. 22-CR-47, 2023 WL 7553859 (N.D. Ind. Nov. 13, 2023). *See Rahimi*, 602 U.S. __ (2024) (slip op., at 7) ("[W]hen a challenged regulation does not precisely match its historical precursors, 'it still may be analogous enough to pass constitutional muster . . . . [I]t need not be a 'dead ringer' or a 'historical twin.'") (internal citation omitted). Therefore, this Court holds that dispossession of firearms by felons is consistent with the historical tradition of firearm regulation.

## CONCLUSION

This Court finds that § 922(g)(1) is facially and as-applied constitutional because firearm possession by felons is not conduct that is covered by the plain text of the Second Amendment. Even if the statute fell within the scope of the Second Amendment, the government met its burden to demonstrate that disarming felons is consistent with the historical tradition of firearm regulation. For these reasons, Defendant's Motion to Dismiss Indictment [DE 15] is DENIED.

SO ORDERED.

ENTERED: July 3, 2024

/s/ GRETCHEN S. LUND
Judge
United States District Court